UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**　　　　　　　　No. 3:20-cr-00440-AB-1

　　　　v.　　　　　　　　　　　　　　　　　　ORDER

**CHARLES WAYNE MOORE,**

　　　**Defendant.**

**BAGGIO, District Judge:**

　　The Court has considered Mr. Moore's Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(c)(1)(A)(i) (Compassionate Release) (ECF 45, "Motion") and its sealed exhibits (ECF 48), the Government's Response (ECF 51, "Resp.") and its sealed exhibit (ECF 52), and Defendant's Reply (ECF 54, "Reply"). While the Court is sympathetic to Mr. Moore's shockingly tragic upbringing, for the reasons that follow, his Motion is denied.

　　Initially, the Government asserts that Mr. Moore failed to fully exhaust his administrative remedies as required by 18 U.S.C. §3582(c)(1)(A). Resp. 3-4. This procedural concern goes unrebutted in Mr. Moore's Reply. But even apart from that procedural problem, the Government has raised strong arguments that based on the current record, there is an insufficient basis for the Court to find Mr. Moore met his burden to demonstrate extraordinary and compelling reasons for early release. It appears almost all of Mr. Moore's evidence regarding his personal history and characteristics – while tragic – is not new. The exhibits offered by Mr. Moore were presented to the original sentencing judge in 2023. Resp. 5. And while the Court is encouraged to read that Mr. Moore reports that he is participating in Tru and that he participated in Turning Point at a

prior BOP facility, those references to his participation are shy of the extraordinary and compelling standard to order his early release.

Regarding the evidence offered by the Government of Mr. Moore's record of disciplinary infractions while in BOP custody, the Court appreciates that Mr. Moore points out that "nearly all" of his disciplinary sanctions are for refusing work program assignments. Reply 2. That is true since June of 2023 other than one incident for destruction of property. (ECF 52-1, 1-4.) The Court also recognizes that in one of those documented refusals to go to work or programming, Mr. Moore is reported to have said that his refusal was based on his assertion that his life was in danger (ECF 52-1, 3). The Court recognizes the Defendant's argument that these refusals stem from his unique status in the institution. However, the Court cannot ignore the documented record of institutional violations (Resp. Ex. A) which weighs against a finding of extraordinary and compelling reasons to warrant a reduction in sentence.

Lastly, even if the Court were to find that Mr. Moore presented extraordinary and compelling reasons for early release, before the Court can grant his motion the Court must first consider the factors in 18 U.S.C. §3553(a) as well as U.S.S.G. § 1B1.13, which cross-references 18 U.S.C. §3142(g). Resp. 6-8. Applying the full record to those factors in the context of Mr. Moore's present motion, the Court concludes early release is not appropriate.

IT IS SO ORDERED.

DATED this  2nd  day of December, 2025.

*Amy M. Baggio*
HONORABLE AMY M. BAGGIO
United States District Judge